### Appeal of CONSOLIDATED ELECTRIC LAMP CO.    Docket No. 555.

Upon the evidence, held, that taxpayer and subsidiary are affiliated within the meaning of section 240 of the Revenue Act of 1918.

Upon the evidence, held, that taxpayer is not entitled to include in invested capital items of undrawn salary and uncollected rents credited by it to its stockholders but not drawn by them.

Submitted January 26, 1925; decided February 26, 1925.

E. E. Wakefield, Esq., and C. J. McGuire, Esq., for the taxpayer.

J. D. Foley, Esq. (Nelson T. Hartson, Solicitor of Internal Revenue) for the Commissioner.

### Before IVINS, KORNER, and MARQUETTE.

#### FINDINGS OF FACT.

The Consolidated Electric Lamp Co., a Maine corporation organized in 1910, has its principal place of business in Danvers, Mass. For some time prior to 1914 it operated a branch office at Chicago. In 1914 the branch was incorporated under the laws of Illinois with a capital stock of $2,500, under the name of the Chicago Electric Lamp Co. The assets of the Chicago branch of the taxpayer were turned over to the new company, which thereupon issued its stock as follows:

Frank W. Marsh_____ 10 shares
Jasper Marsh _____ 9 shares
Edward P. Helf_____ 5 shares
Frederic P. Vose_____ 1 share

Frank W. Marsh and Jasper Marsh at all times held all the stock of the taxpayer corporation in equal shares. Frederic P. Vose was the taxpayer's attorney in Chicago and held a qualifying share to enable him to be a director of the new company. Edward P. Helf was an employee in the Chicago branch at the time the new company was formed, but left the company in 1915. At the time of the formation of the new company he was entered upon the books of the company as a holder of five shares of its stock, and a certificate of stock was made out in his name, but it was never removed from the book. From the time of his leaving the employment of the company in 1915 he never took any part in its corporate affairs. It does not appear that he even knew that he was a stockholder. Certainly,

he exercised no rights as such. In 1921 a creditor of Helf, through proceedings in the Municipal Court of Chicago, levied upon and sold five shares of the stock in the Chicago Electric Lamp Co. which stood in Helf's name. They were bid in and transferred to the name of Frank W. Marsh. The Chicago Electric Lamp Co. was at all times operated as a branch of the Consolidated Electric Lamp Co.

Beginning in 1915 regular amounts were credited in the accounts of the taxpayer to Frank W. Marsh and Jasper Marsh for salaries, but in that year and in the following years through 1919 neither of them drew out the full amount of salary credited to him. The Marshes were owners of the real estate occupied by the taxpayer and subsequent to 1919 they were paid rent by the corporation for use of the premises. Credits for rents payable to them were entered in their accounts with the corporation. It was their practice, however, not to withdraw the full amount of such credits for rent, but to leave balances in each year in the business. At December 31, 1918, the Marsh brothers had accumulated credits for salary and rentals not withdrawn amounting to $45,064.63, which amount was shown in the income and profits-tax return of the taxpayer for 1919 as paid-in surplus and claimed as a part of invested capital.

The Commissioner, in auditing the taxpayer's 1919 return, refused to permit it to be consolidated with the return of the Chicago Electric Lamp Co., excluded from invested capital the item of $45,064.63, referred to above, and determined a deficiency in tax for the year 1919 of $8,609.08. From that determination this appeal was taken.

DECISION.

The taxpayer and the Chicago Electric Lamp Co. were affiliated corporations entitled to file a consolidated return for 1919 under section 240 of the Revenue Act of 1918.

The taxpayer was not entitled to include in invested capital the item of $45,064.63 claimed by it as paid-in surplus.

The tax should be recomputed in accordance with the foregoing. Final determination will be settled upon ten days' notice in accordance with Rule 50.